CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 1 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:10CR00082 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| EDWARD ALTINA DARGAN, JR., | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

On April 18, 2011, Senior United States District Judge James C. Turk sentenced the defendant, Edward Altina Dargan, Jr., to a term of imprisonment of 132 months, in accordance with the parties' agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The case is presently before the court on the parties' emergency joint motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), and the United States Supreme Court's recent decision in Hughes v. United States, 138 S. Ct. 1765 (2018).[1] For the reasons that follow, the court will grant the motion and reduce the defendant's term of imprisonment to 102 months, but not less than time served.

### Background

On May 21, 2007, a state search warrant was executed at the Roanoke, Virginia residence shared by the defendant and another individual. A .22 caliber revolver and associated ammunition were seized from the defendant's bedroom. Various controlled substances, including 9.51 grams of cocaine base, were also seized from the residence. A subsequent investigation revealed that the defendant had been convicted of felony offenses in Virginia.

---

[1] Judge Turk is now deceased, and the case has been reassigned to the undersigned district judge.

On September 9, 2010, a grand jury in the Western District of Virginia returned a one-count indictment against the defendant. See United States v. Dargan, No. 7:10-cr-00057 (W.D. Va. Sept. 9, 2010). The indictment charged the defendant with possession of a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

On November 1, 2010, the government filed a notice of enhanced punishment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The notice advised the defendant that the government planned to prove at sentencing that he had three prior convictions for felony sale of a controlled substance and one prior conviction for felony eluding a police officer. If the defendant had been convicted of the firearm offense under § 922(g) and subsequently found to qualify as an armed career criminal, he would have been subject to a mandatory minimum term of imprisonment of fifteen years under § 924(e)(1).

The defendant ultimately agreed to plead guilty to a one-count information charging him with simple possession of more than five grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 844(a). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the defendant would be sentenced to "132 months of incarceration." Plea Agreement 3, Dkt. No. 4. The parties also agreed "that the version of 21 U.S.C. § 844(a), which was in effect on May 21, 2007, shall be [the] version of the statute applied in this case and under this plea agreement."[2] Id. at 2. The defendant waived the right to appeal his sentence "on any ground." Id. at 7. He also waived the right to collaterally attack

---

[2] The defendant committed the offense of conviction in 2007, prior to the enactment of the Fair Sentencing Act, which reduced the statutory penalties for crack cocaine offenses. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. At the time of the offense, § 844(a) provided that "a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years." 18 U.S.C. § 844(a) (2006).

2

"any order issued in this matter," with the exception of "any collateral claim based upon an allegation of ineffective assistance or an issue which cannot be waived by law." Id.

Prior to sentencing, a probation officer prepared a presentence report ("PSR"). In the PSR, the probation officer attributed 9.51 grams of cocaine base to the defendant, based on the quantity of drugs found in his residence. This particular drug quantity and type resulted in a base offense level of 18 under U.S.S.G. § 2D1.1(c) (Supp. 2010). The defendant also received a two-level firearm enhancement and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 17. The defendant's total offense level, when combined with a criminal history category of IV, produced an advisory guideline range of imprisonment of 37 to 46 months.

In the PSR, the probation officer emphasized that the defendant's plea agreement under Rule 11(c)(1)(C) limited his exposure to a substantial period of incarceration. The probation officer noted that if the defendant had proceeded to trial and been convicted of both the firearm and drug possession charges, "it is likely that he would have been determined to be an armed career criminal," which could have produced "a guideline custody range of 262 months to 327 months, as opposed to the stipulated custody term of 132 months." PSR ¶ 68, Dkt. No. 35.

On April 18, 2011, the defendant appeared before Judge Turk for sentencing. At the beginning of the hearing, defense counsel explained that the defendant "was originally charged with a [§ 922(g)] violation and faced the threat of the government accusing him of being an armed career criminal." Sentencing Tr. 3, Dkt. No. 31. In light of the fifteen-year mandatory minimum sentence that would have applied if the defendant had been designated as an armed career criminal, the defendant "chose to agree to the 11(c)(1)(C) agreement . . . that called for him to receive 11 years" for the charge of possessing cocaine base. Id. In response to questions

3

from Judge Turk, defense counsel indicated that he had not been able to get the government to agree to a lesser sentence. Id. at 4. Likewise, the Assistant United States Attorney ("AUSA") confirmed that the government was not willing to agree to a lesser sentence. Id. The AUSA emphasized that he was convinced that the defendant would have been sentenced as an armed career criminal if he had gone to trial on the firearm charge, and that the agreed-upon sentence "was arrived at in an effort to [account for] the potential punishment he could have faced had he gone to trial," in addition to "all the circumstances and background." Id. at 5.

After hearing from the parties, Judge Turk accepted the plea agreement and adopted the PSR. Judge Turk explained that the advisory Sentencing Guidelines applicable to the defendant's case called for a period of incarceration of 37 to 46 months, but that the parties had agreed that a sentence of 132 months was appropriate. After "having considered the factors noted in 18 U.S.C. § 3553(a) and after having considered the advisory sentencing guidelines and the Rule 11(c)(1)(C) plea agreement," Judge Turk sentenced the defendant to a term of imprisonment of 132 months for the controlled substance offense. Id. at 8. He then granted the government's motion to dismiss the indictment containing the firearm charge. The defendant did not appeal his conviction or sentence.

On May 22, 2015, the defendant filed a pro se motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to Sentencing Guidelines, which reduced the base offense levels assigned to most drug quantities in § 2D1.1 by two levels. Section 3582(c)(2) authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued

4

by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court denied the motion, concluding that the defendant was not eligible for a sentence reduction under the statute.

Because the defendant was sentenced under a Rule 11(c)(1)(C) agreement, the court looked to Justice Sotomayor's concurring opinion in Freeman v. United States, 564 U.S. 522 (2011) to determine whether the defendant was eligible for relief under § 3582(c)(2). See United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) ("Under the fragmented opinion, Justice Sotomayor's rationale becomes the Court's holding."), abrogated by Hughes v. United States, 138 S. Ct. 1765 (2018). "Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement and, therefore, § 3582(c)(2) relief is usually not available." Brown, 653 F.3d at 359. "However, Justice Sotomayor established an exception to this general rule – where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id. (citing Freeman, 564 U.S. at 534 (Sotomayor, J., concurring)). Because the defendant's plea agreement did not expressly reference the Guidelines in establishing the agreed-upon term of imprisonment, the court concluded that the defendant was not eligible for relief under § 3582(c)(2).

On October 12, 2018, the defendant, through counsel, and the government jointly moved to reduce the defendant's sentence, pursuant to § 3582(c)(2), Amendment 782, and the Supreme Court's recent decision in Hughes. The court gave the parties until 5:00 p.m. on Thursday, October 18, 2018 to file a supplemental brief in support of the motion. In accordance with the court's order, the defendant filed a supplemental brief in which he argued that he is eligible for a sentence reduction under the holding of Hughes, and that reductions have been granted in similar cases in this district. See Def.'s Br. in Supp. of Mot. 2–3, Dkt. No. 37 (collecting cases).

The court held a hearing on the motion on October 26, 2018. Prior to the hearing, the court obtained the defendant's prison disciplinary records. The records indicate that the defendant has had four disciplinary infractions, two of which occurred earlier this year. In June of 2018, the defendant lost good conduct time for possessing another inmate's medication. In March of 2018, the defendant lost good conduct time for fighting with another inmate.

## Discussion

Generally, "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (second alteration in original). Section 3582(c)(2) establishes an exception to this general rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "In such cases, Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" Dillon, 560 U.S. at 824–25 (quoting 18 U.S.C. § 3582(c)(2)).

When considering a motion for reduction of sentence under § 3582(c)(2), the court conducts a "two-step inquiry." Id. at 826. The court must first determine the defendant's eligibility for a reduction. Id.; see also United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016). If the defendant is eligible for a reduction, the court then "considers relevant sentencing factors to determine whether, in its discretion, a reduction 'is warranted in whole or in part under the particular circumstances of the case.'" United States v. Muldrow, 844 F.3d 434, 438 (4th Cir. 2016) (quoting Dillon, 560 U.S. at 827). The application notes to the relevant policy

statement provide that the court "shall consider" the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any threat to public safety. U.S.S.G. § 1B1.10 cmt. n.1(B). The court also may consider the defendant's post-sentencing conduct when determining whether, and to what extent, a reduction is warranted. Id. Ultimately, "[w]hether to reduce a sentence and to what extent is a matter within the district court's discretion." United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

In the instant case, the parties agree that the defendant is eligible for a reduction under § 3582(c)(2). It is undisputed that the defendant's guideline range has been subsequently lowered by the Sentencing Commission. Under Amendment 782, the base offense level for the defendant's offense of conviction has been reduced by two points, lowering his total offense level to 15 and his guideline range to 30 to 37 months. In the court's view, however, the more difficult question is whether the agreed-upon sentence of 132 months' imprisonment was "based on" the guideline range for purposes of § 3582(c)(2). As the parties recognized in their joint motion, "[t]his is a somewhat complicated case because Dargan's Rule 11(c)(1)(C) plea agreement was informed by the potential punishment associated with the gun charge the Government agreed to dismiss, and thus was not purely and solely 'based on' the drug guideline." Jt. Mot. to Reduce Sentence 3, Dkt. No. 32. Nonetheless, "the parties are in agreement that, based on the specific circumstances of this unusual matter, the agreed-upon sentence of 132 months was based at least in part" on the applicable guideline range and "that there is not a 'clear demonstration' that [Judge Turk] would have imposed the same sentence had the guideline [range] been lower." Id.

The parties' joint motion is based on the Supreme Court's recent decision in Hughes. In that case, to "resolve the uncertainty" that resulted from Freeman, the Court held, in a 6-3

7

decision, that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework that the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. In reaching this decision, the Court emphasized that "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case," and that "the Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." Id. at 1776. Consequently, "in the usual case, the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." Id. Thus, "when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." Id.

As discussed during the hearing, the court continues to believe that Justice Sotomayor's concurring opinion in Freeman sets forth a more persuasive position on this issue. Nevertheless, the court is bound by the majority's decision in Hughes, and both sides are in agreement that its broader interpretation of the statutory text applies in the instant case. Upon review of the record, the court agrees with the parties that the guideline range was "part of the framework" that Judge Turk considered in evaluating the case and imposing the defendant's sentence. Id. at 1775. Because the guideline range has "'subsequently been lowered by the Sentencing Commission,'" the defendant is eligible for relief under § 3582(c)(2). Id. at 1778.

The court must now determine whether and to what extent a reduction in sentence is warranted. According to the United States Probation Office, the defendant has already served

8

approximately 92 months in prison. The parties have jointly requested an order reducing the defendant's term of imprisonment to 102 months, but not less than time served, which, with good conduct time, would likely render the defendant eligible for immediate release.

As the court noted during the hearing, there are a number of factors in the defendant's case that would ordinarily counsel against the reduction sought by the parties, including the defendant's criminal history, the minimal extent to which the guideline range factored into the agreed-upon sentence, and the defendant's post-sentencing conduct, which includes two disciplinary infractions for which he lost good conduct time. On the other hand, the parties have identified a number of circumstances which ultimately weigh in favor of the requested reduction, including the concerns raised during the hearing regarding the propriety of the defendant's original sentence.[3] Additionally, the defendant has cited several similar cases in the Western District of Virginia, in which reductions comparable to that requested in the instant case have been awarded based on Hughes.[4]

After considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), and in order to maintain consistency with the relief afforded in similar cases in this district, the court will reduce the defendant's term of imprisonment to 102 months, but not less than time served. The court finds that this comparatively proportionate modification adequately

---

[3] Although a § 3582(c)(2) motion is generally not the proper vehicle for challenging the legality or propriety of a defendant's original sentence, both parties agree, and the court concurs, that the concerns raised during the hearing further support the reduction requested in this case.

[4] See, e.g., United States v. Vasquez, No. 5:11-cr-00015 (W.D. Va. Sept. 10, 2018) (Urbanski, J.) (proportionately reducing the defendant's term of imprisonment from 186 months to 165 months, but not less than time served, to account for the sentencing guideline reduction and concluding that such reduction was authorized by Hughes); United States v. Sanders, No. 7:05-cr-00085 (W.D. Va. Aug. 7, 2018) (Urbanski, J.) (proportionately reducing the defendant's term of imprisonment from 180 months to 153 months, but not less than time served, and concluding that such reduction was authorized by Hughes).

accounts for the reduction in the applicable guideline range, and that it is sufficient, but not greater than necessary, to accomplish the goals and objectives outlined in § 3553(a).

For these reasons, the court will grant the parties' joint motion. The defendant's term of imprisonment will be reduced to 102 months, but not less than time served. All other terms of the original sentence will remain the same.

The Clerk is directed to send a certified copy of this order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

ENTER: This ___1st___ day of November, 2018.

                                                        Senior United States District Judge